Alton E. PORTER et ux., Appellants,

v.

UNITED MOTELS, INC., et al., Appellees.

No. 3575.

Court of Civil Appeals of Texas.

Waco.

July 10, 1958.

John M. Barron, Wm. T. Moore, Bryan, for appellants.

Poteet & Pruitt, Vernon, John M. Lawrence, III, Bryan, for appellees.

McDONALD, Chief Justice.

This is a venue case involving Subdivision 23, Article 1995, Vernon's Ann.Tex. St. Parties will be referred to as in the Trial Court. Plaintiffs Porter and wife sued defendant United Motels, Inc., a corporation (domicile and principal place of business of which is in Wilbarger County), seeking damages for breach of an employment contract, and for cancellation and rescission of a stock purchase in the corporation, on the grounds of fraud and failure of consideration. Defendant filed its plea of privilege to be sued in Wilbarger County, the county of its residence and principal place of business. Plaintiffs filed controverting affidavit asserting venue in Brazos County under Subdivision 23 of Article 1995. Trial was before the court without a jury, which after hearing entered judgment sustaining the defendant's plea of privilege and ordering the cause transferred to Wilbarger County.

The Trial Court filed findings of fact and conclusions of law, pertinent portions of which are summarized as follows:

### Findings of Fact

1) Plaintiff was, at the time of the accrual of this cause of action, a resident of Brazos County.

2) Defendant is a domestic corporation with its domicile in Wilbarger County.

3) Defendant agreed to give plaintiff a job as manager of its motel business located in Brazos County. The agreement was an oral one, and performable in Brazos County.

4) Under the terms of the oral contract plaintiff Porter was to have the job of manager of defendant's motel in Brazos County, as long as he faithfully and satisfactorily performed his duties as manager. Plaintiff assumed the job as manager and operated the motel for some time prior to receipt of a letter discharging him as said manager.

5) Plaintiff failed to satisfactorily perform his duties as manager of the motel by:

1) Not keeping a proper record of the reservations.

2) Not keeping the premises adequately lighted at night.

3) Allowing the night clerk to go to sleep on the job.

4) Employing poor public relations in dealing with customers or prospective customers in his telephone conversations with them.

5) Allowing his dog to remain on the motel premises and damage some of the furniture.

6) Defendant corporation made numerous complaints to plaintiff, both about his duties as manager and his method of operating the motel, said complaints being voiced to plaintiff by defendant on the part of the President of the corporation by letter and also by the Secretary to the President.

#### Conclusions of Law

1. Plaintiff's failure to manage the motel in a manner satisfactory to defendant constituted grounds for terminating the contract of employment by defendant, and did not constitute a wrongful termination of the employment contract by the defendant corporation.

2. Defendant, being a private corporation, and no cause of action having arisen in Brazos County against it, the venue statute gave plaintiff no venue in Brazos County.

Plaintiff appeals, asserting that the Trial Court erred in that:

1) Plaintiff proved all necessary venue facts by a preponderance of the evidence under Subdivision 23, Article 1995.

2) The Trial Court's finding that plaintiff failed to prove a cause of action is against the great and overwhelming weight and preponderance of the evidence, and nothing but a trivial breach of contract could reasonably be inferred from the evidence.

3) The findings of the Trial Court to defeat venue in Brazos County having been on defensive issues, are not germane to the venue hearing.

The entire statement of facts consists of the testimony of two witnesses only, plaintiff and a Cecil Snyder. The record reflects that plaintiff lived in Dalhart where he was in business. The officers of defendant corporation orally agreed with plaintiff that if he would purchase $10,000 worth of the defendant corporation's stock that the corporation would employ him to manage the corporation's motel in Brazos County, for so *"long as he faithfully and satisfactorily performed his duties as manager."* Plaintiff purchased the stock and went to Brazos County and assumed his duties as manager of the Brazos County motel unit of defendant corporation. After about a year and a half defendant fired plaintiff as manager of the motel. This was accomplished about 14 December 1957.

Plaintiff testified that about two weeks before he was fired defendant advised him to buy additional stock in the corporation and told him that such was the proper thing to do; that he did not buy such additional stock and that a Mr. Parker (one of the Directors of the corporation), on 14 December 1957 delivered to him a

letter from the President of the defendant corporation stating that he was immediately as of that minute relieved of his duties. Plaintiff testified that Mr. Parker informed him that he was hired with the express purpose of being fired before it was all over; that they did not intend to keep plaintiff as manager of the motel unit when he was hired; that he would not have purchased the stock but for the aspect of the manager's job. Plaintiff further testified that Mr. Parker moved him out of the motel. Plaintiff testified that from the time he took over as manager until he was relieved he knowingly did no wrong and knew of no way he could have improved his operation. On cross-examination plaintiff testified he received one letter from the President of defendant corporation about the middle of 1957 complaining of plaintiff's wife not being properly dressed and of a dog plaintiff had; and complained of no cooperation on plaintiff's part. Plaintiff testified that the dog had done no damage and the charge of non-cooperation was a serious charge but totally unwarranted; that he did not reply to the letter, but telephoned Mr. Parker and Mr. Snyder (officers of the defendant corporation) and told them the letter was totally unwarranted. He never received any other letters or communications complaining of his operation. Plaintiff testified that defendant sought him out, fleeced him out of his money, and discharged him, all on a premeditated plan. Plaintiff testified further on cross-examination that the Secretary of the corporation's President complained of mistakes he made in keeping of the motel records; that he kept a reservation list; that he may have refused to take reservations over the telephone when the reservation lists were full; that he was courteous in the refusals; that he told people that unless somebody dropped dead there wasn't a chance to get a reservation.

Mr. Cecil Snyder, who is in the motel business at Odessa, testified that he had occasion to go to the motel while plaintiff was manager; that he observed actions and failure of action on plaintiff's part which caused him to consider the operation of the motel unsatisfactory; that he was sent to Brazos County by the President of defendant corporation to check on the motel; that he saw the dog in the office lying on the chairs; that he saw plaintiff's wife in short shorts sitting in the lobby; that he saw plaintiff refuse some reservations; that he did not think the motel was properly lighted at night; that the night clerk went to sleep on the job; that he reported all of the foregoing to the President of the defendant corporation.

Subdivision 23, Article 1995, V.A.T.S., entitled "Corporations and Associations", provides that suits against private corporations may be brought where the corporation has its principal office or in the county in which the cause of action arose, or in the county in which the plaintiff resided at the time the cause of action or a part thereof arose if such corporation has a representative in such county.

 The Supreme Court has held in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, that a plaintiff must prove his venue facts by a preponderance of the evidence, and that the venue facts are those which are stated in the particular exception of Article 1995. Under Subdivision 23 a plaintiff has the burden of showing 1) *a cause of action*, 2) that the cause of action, or a part thereof, arose in Brazos County, or 3) that plaintiff resided in Brazos County at the time the cause of action, or a part thereof, arose. See Lloyds Cas. Insurer v. McCrary, 149 Tex. 172, 229 S.W. 2d 605; Magnolia Petroleum Co. v. Heldt, Tex.Civ.App., 236 S.W.2d 255; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63.

It is undisputed that plaintiff resided in Brazos County when the cause of action arose, and that a portion of the cause of action arose in Brazos County. The question before us for determination is: Did plaintiff discharge his burden of proof in

establishing a cause of action? The existence of the oral contract of employment is admitted, and is found by the Trial Court, as was the terms thereof, to wit: *"Plaintiff to have the job of manager as long as he faithfully and satisfactorily performed his duties as manager."* Plaintiff's burden was to establish by a preponderance of the evidence that he faithfully performed his duties. He testified that he did so perform, although he admitted he had received one letter of complaint from the President of the corporation, which he said was unwarranted; that the President's Secretary complained of mistakes he made in the keeping of the motel records; that he turned down reservations when the motel was booked full but was courteous in the matter. The witness Snyder, who was connected with the defendant corporation and who was manager of a motel at Odessa, and who was sent by the President of the defendant corporation to observe plaintiff's operation, testified that 1) plaintiff kept the dog in the office; 2) plaintiff's wife wore short shorts in the lobby; 3) plaintiff refused some reservations; 4) that the motel was in his opinion not properly lighted at night; 5) that the night clerk went to sleep on the job.

The Trial Court believed the foregoing testimony and concluded that plaintiff failed to manage the motel satisfactorily to defendant, and that such constituted grounds for termination of the employment contract; therefore plaintiff failed to prove a cause of action.

■■ It is the law that an employer may not discharge his employee during the period of employment except for good cause. The motive may always be shown as material and good faith dissatisfaction is a controlling issue. See 29 Tex.Jur. pp. 28, 31. Furthermore, where performance is to be the satisfaction of one of the parties, his dissatisfaction must be founded on facts such as would induce action on the part of a reasonable man. He may not act arbitrarily or without reason in the matter, and the law will say that he is satisfied with that with which he ought to be satisfied. 10-A Tex.Jur. p. 500. In this connection defendants state in their brief that if the acts or omissions of plaintiff which were unsatisfactory to defendants were only *"trivial"* in nature, then there might be some basis for complaint of wrongful discharge; *and that the question boils down to whether the acts and omissions complained of were trivial."*

The plaintiff had paid $10,000 for stock in the defendant corporation, which he would not have purchased except for the fact he was to be given a job (the stock has never paid any dividends); he refused to invest additional money in defendant corporation two weeks prior to being fired. When plaintiff refused reservations he did so at a time when the reservation book showed that the motel would be full and have six or seven over. It is in evidence that one of defendant's directors told plaintiff he was hired with the express purpose of being fired before it was all over. Why was he not fired prior to being requested to invest additional money in the corporation? Why was he fired within two weeks after refusing to do so? The complaints levelled at plaintiff were that his wife wore short shorts; he kept a dog; he kept the premises inadequately lighted at night; he turned down reservations when the motel was fully booked; he allowed a night clerk to go to sleep on the job (there was no showing that plaintiff even knew this until the investigator Snyder testified to such).

■ It is our view that while there is evidence to support the Trial Court's Findings 5 and 6 supra, that such findings are against the great weight and preponderance of the evidence under the rules announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; and for such reason this case should

be reversed and remanded for another trial. Plaintiff's point No. 2 is accordingly sustained and the cause is accordingly reversed and remanded.

HALE, J., not participating.