**AMARILLO COCA–COLA BOTTLING CO., Inc., Appellant,**

v.

**Pricilla PRICE, Appellee.**

No. 7333.

Court of Civil Appeals of Texas.

Amarillo.

March 16, 1964.

Rehearing Denied April 20, 1964.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Charles L. Ballman, Borger, for appellee.

CHAPMAN, Justice.

This is a venue case.

Suit was filed in Hutchinson County by Pricilla Price against Amarillo Coca-Cola Bottling Co., Inc. and Buddy's Super Markets for injuries sustained when a Coca-Cola bottle sitting on the floor next to the Coca-Cola display exploded. Miss Price

was shopping in the store at the time and was about 2 or 2½ feet from the bottle as it exploded. She had not touched it herself. The bottle at the time was not in a carton but was sitting on the floor up against the shelf.

The beverage company filed a plea of privilege to be sued in Potter County where it is domiciled and Miss Price controverted, pleading Subdivision 23 of Article 1995 as an exception to the privilege claimed.

Specific grounds of negligence were not alleged against either of the defendants but appellee relied solely upon the doctrine of res ipsa loquitur. Buddy's Super Markets filed no answer and a default interlocutory judgment was taken against them. Appeal is perfected only by the beverage company.

Testimony shows the beverage company serviced the grocery store twice a week except on special occasions; that it last serviced the store on November 5, 1962, before the injury to appellee on November 6, 1962, at 3 p. m.; that bottles on the floor loose result from customers "splitting" cartons of Coca-Cola with other types of beverage and placing them on the floor instead of placing them back in the cartons.

■ It is settled law under Subdivision 23 of Article 1995 Vernon's Ann.Tex.Civ. St. that in order to maintain venue in the county where the cause of action arose, if outside the county of defendant's residence, the claimant is required to prove a cause of action against defendant which arose in whole or in part in the county where suit was filed. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Com.App. opinion adopted); Southland Beauty Shops, Inc. v. Foreman, Tex.Civ. App., 319 S.W.2d 737 (writ dismissed); Zale Jewelry Co. v. Jarman, Tex.Civ.App., 227 S.W.2d 857 (writ dismissed); Porter v. United Motels, Inc., Tex.Civ.App., 315 S.W.2d 340 (N.W.H.).

We must then look to the facts and the applicable law to see if a cause of action

was proved under the doctrine of res ipsa loquitur.

The testimony shows that the food store designated a portion of the space in the store for different types of soft drinks; that when the deliveryman takes in a new supply of Coca-Cola he "* * * straightens all the loose bottles up and picks them up and puts them in the rack and sees how many he needs to bring in, and brings in enough to fill it up. Picks up the empties and then leaves." The testimony also shows that the Coca-Cola is sold to the store on a charge account with the store paying the company at designated intervals.

■ It is also settled law in Texas that a person injured by an explosion of a Coca-Cola bottle is entitled to rely on the res ipsa loquitur doctrine even though the bottle has left the bottler's control. Hankins v. Coca Cola Bottling Co., 151 Tex. 303, 249 S.W.2d 1008.

■ However, "* * * it is necessary for the plaintiff to establish by a preponderance of the evidence that the instrumentality (in this case a bottle) was not damaged by some intervening force between the time of its last handling by the defendant and the final occurrence which causes the damage." Hankins v. Coca Cola Bottling Co., supra.

"His [her] burden was to establish this fact, like any other fact, by a preponderance of the evidence, and not beyond a peradventure." Benkendorfer v. Garrett, Tex. Civ.App., 143 S.W.2d 1020 (judgment dismissed, correct).

In holding the evidence sufficient to invoke the res ipsa loquitur doctrine in the case last cited the court noted that the bottle which exploded remained in the case in which it was delivered from the time of delivery until the explosion occurred and that it was not removed or molested by anyone except that the case in which the bottle was resting was moved to the top

of a case of Dr. Pepper on the day after delivery.

We believe it is important also to note that the Supreme Court in the Hankins case approved the Benkendorfer case because the evidence had affirmatively shown no mishandling of the bottle from the time of delivery by the bottler until the explosion occurred, the court saying:

"In the case of Benkendorfer v. Garrett * * * relied upon by plaintiff, the findings of fact by the trial court reveal a different factual background than that presented in this case. In that case, the court found from 'clear and convincing evidence' that the bottle which exploded remained with several other bottles of the beverage in the case in which it was delivered to plaintiff from the time of such delivery until the explosion occurred, and that said bottle was not moved or molested by any one, save and except that the case in which the bottle was resting was shifted to the top of a case of Dr. Pepper by a servant on the day after the delivery thereof. In view of said findings of fact, the Court of Civil Appeals in that case correctly held that the plaintiff was entitled to recover under the doctrine of res ipsa loquitur."

■ No such evidence is before us in the instant case. The bottle obviously had been handled after delivery or it would not have been on the floor. Surely, plaintiff could have proved by the clerks that no bottles of Coca-Cola had been in the shopping aisles, run over by shopping carts, kicked across the floor, or roughly handled in any manner by any of the clerks or so far as they knew by any customers, from the time the Coca-Cola area was last serviced until the next day at 3 p. m. So far as we can find in this record, there was not even any effort made to prove any of such facts. Not a person in the Buddy's Super

Markets where the explosion took place was used as a witness to establish any of the facts our Supreme Court has said must be established under such circumstances for the doctrine of res ipsa loquitur to apply.

The court in Hankins also commented upon one of their previous opinions [1] involving an explosion of a Coca-Cola bottle as follows:

"It was stated in that case that negligence may be inferred provided that the testimony showed 'that the bottle (1) was in no way "accessible to extraneous harmful forces"; and (2) "was carefully handled by plaintiff or any third person who may have moved or touched it."' The court then said that 'The reason for that proviso is that, in absence of such proof, the evidence would show two or more possible causes of the explosion, one or more of which is chargeable to persons other than the defendant, in which situation the rule of res ipsa loquitur is not applicable.' The Honea case recognized the dangers of too liberal an application of the doctrine when it required the plaintiff to satisfy the controlling question of the absence of intermediate forces acting upon the instrument causing the injury, before the ultimate question of inferred negligence be reached."

In the Honea case our Supreme Court also quoted with approval from a California Supreme Court case as follows:

" 'It is not necessary, of course, that plaintiff eliminate every remote possibility of injury to the bottle after defendant lost control, *and the requirement is satisfied if there is evidence permitting a reasonable inference that it was not accessible to extraneous harmful forces and that it was carefully handled by plaintiff or any third person who may have moved or touched it.'* " (Emphasis added.)

1. Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 970, 160 A.L.R. 1445.

■ It is obvious the venue question has not been fully developed. Under such circumstances it may be reversed and remanded instead of reversed and rendered. Jackson v. Hall, Chief Justice, 147 Tex. 245, 214 S.W.2d 458; Stokes Bros. v. Thornton, Tex.Civ.App., 91 S.W.2d 756 (N.W.H.).

Appellee argues by brief that in any event the suit is maintainable in Hutchinson County against appellant under Subdivision 29a of Article 1995 V.A.T.S., since venue lies against Buddy's Super Markets, the co-defendant.

■ We are unable to agree with that contention. From the record made before us full satisfaction could be had against the food store without appellants presence in the case. Therefore, the beverage company is not a necessary party within the meaning of Subdivision 29a. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; First Nat. Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756 (Com.App. opinion adopted).

Accordingly, the judgment of the trial court is reversed and remanded.

## ON MOTION FOR REHEARING

Justice Folley speaking for the Supreme Court in Jackson v. Hall, Chief Justice, supra, quoted with approval from another of their cases as follows:

"'It is the general rule in civil cases that, when the Court of Civil Appeals reverses the judgments of the trial court for lack of evidence in support thereof, it will not render judgment unless it appears that the case in that respect has been fully developed. In such cases, when it does not appear that the facts have been fully developed, the judgment of the appellate court should be one of remand and not one of rendition.'"

If this case was fully developed from the testimony available, appellant is not prejudiced by a remand, because appellee could not make out a cause of action. If the case was not fully developed, the above quote from the Supreme Court indicates to us it should be remanded for development rather than rendered.

Therefore, the motion for rehearing is overruled.