**H. E. B. FOOD STORES, Appellant,**

v.

**Frank RODGERS, Appellee.**

No. 3931.

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellant.

Evans & Egger, Peter Torres, Jr., San Antonio, for appellee.

COLLINGS, Justice.

Frank Rodgers brought this suit against H. E. B. Food Stores in Bexar County for injuries alleged to have been sustained by plaintiff's wife, Julia Rodgers, on or about October 12, 1963, while she was patronizing one of defendant's stores in San Antonio. Plaintiff alleged that his wife's injuries were sustained as a direct and proximate result of the defendant's negligence in failing to maintain its premises in a reasonably safe condition for customers; that the defendant was negligent in maintaining in its store a high stack of bottles containing soft drinks, in failing to warn customers of the unsafe condition resulting therefrom, in allowing customers to continue taking bottles from the stack, in inducing customers to take bottles from an unsafe stack and in failing to maintain adequate safeguards around the stacks of bottles.

Defendant H. E. B. Stores filed a plea of privilege alleging that its principal place of business was in Nueces County, Texas, and sought to have venue changed to that county. Plaintiff filed a sworn controverting plea alleging that venue was properly in Bexar County under the provisions of subdivisions 9a and 23 of Article 1995, Vernon's Ann.Tex.Civ.St. The plea of privilege was overruled and H. E. B. Stores have appealed.

In the order of the court overruling appellant's plea of privilege it was found that appellant H. E. B. Food Stores is a private corporation and has a representative in Bexar County; that appellee Frank Rodgers, plaintiff in the lower court, has resided in Bexar County, Texas, at all times material to this suit; that appellee presented evidence showing a prima facie case of negligence against appellant in Bexar County but did not show by a preponderance of the evidence that appellant was guilty of the negligence alleged on the occasion in question.

In appellant's first point it is contended that the action of the court in over-

ruling the plea of privilege cannot be sustained under subdivision 9a of the venue statute because of the finding that appellee as plaintiff did not show by a preponderance of the evidence that appellant was guilty of negligence complained of. This point is well taken. Compton v. Elliott, (Com. App.), 88 S.W.2d 91; Southland Beauty Shops, Inc., v. Foreman, Tex.Civ.App., 319 S.W.2d 737, (Writ Dis.); Texas Mutual Reserve Life Insurance Company v. Ormand, 115 S.W.2d 776.

In appellant's second point it is contended that the court erred in overruling the plea of privilege because of the finding that appellee did not show by a preponderance of the evidence that appellant was guilty of negligence proximately causing the injuries complained of, since a finding to the contrary was necessary to justify retention of venue in Bexar County under subdivision 23 of the venue statute. In our opinion this contention is also well taken. Subdivision 23 provides as follows:

"Corporations and associations: Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; or, if the corporation, association, or joint stock company had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, association or joint stock company then had an agency or representative. Suits against a railroad corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated. Suits against receivers of persons and corporations may also be brought as otherwise provided by law."

To maintain venue in a county other than that where appellant corporation had its principal office under subdivision 23, appellee had the burden of establishing by a preponderance of the evidence the existence of a cause of action. It is held that when the existence of a cause of action is essential to support venue, each element of the cause of action must be proved. Campbell v. McCown, Tex.Civ.App., 176 S.W.2d 226. In the instant case he was required to establish the alleged negligent act by appellant or its agents, servants or employees committed in the county where suit is brought proximately causing the injury upon which the suit is based, or to show that appellee resided and appellant had an agent or representative in the county where the suit was brought at the time the cause of action arose. In the instant case appellee failed to establish venue in Bexar County because he failed to establish his cause of action by a preponderance of the evidence. The trial court specifically found that appellee did not show by a preponderance of the evidence that appellant was guilty of the alleged negligence of which appellee complains. The evidence does not conclusively show such negligence. The plaintiff failed to make proof of the venue facts required by subdivision 23 and the court therefore erred in overruling appellant's plea of privilege simply because appellee did make out a prima facie case. Victoria Bank & Trust Company v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Rogers v. Fort Worth Poultry & Egg Company, Tex.Civ.App., 185 S.W.2d 165; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Porter v. United Motels, Inc., Tex.Civ.App., 315 S.W.2d 340; Southland Beauty Shops, Inc. v. Foreman, Tex.Civ. App., 319 S.W.2d 737; Amarillo Coca-Cola Bottling Company v. Price, Tex.Civ.App., 378 S.W.2d 409; Magnolia Petroleum Com-

pany v. Heldt, Tex.Civ.App., 236 S.W.2d 255.

There is no indication that the case was not fully developed. The court found against appellee upon a controlling venue fact issue, that is, that appellee did not show by a preponderance of the evidence that appellant was guilty of negligence proximately causing appellee's damage as alleged. It is therefore our duty to render the judgment which the trial court should have rendered on such finding. Rule 434, Texas Rules of Civil Procedure; Great Plains Oil & Gas Company v. Foundation Oil Company, 137 Tex. 324, 153 S.W.2d 452.

The judgment is reversed and judgment here rendered sustaining appellant's plea of privilege.