**SOUTH BUILDERS, INC., Appellant,**

v.

**Edwin L. BROWN et al., Appellees.**

**No. 4241.**

Court of Civil Appeals of Texas.

Eastland.

July 19, 1968.

Rehearing Denied Aug. 16, 1968.

Malone, Seay & Gwinn, Dallas, Andrews & Andrews, Stamford, for appellant.

Maloney, Black & Hearne, Douglass D. Hearne, Austin, Ratliff & Ratliff, Haskell, for appellees.

WALTER, Justice.

Edwin L. Brown, Lonnie E. Williams and W. A. Peavy filed suit against South Builders, Inc., a corporation, in Haskell County for breach of a contract which was to be performed in Haskell County. South Builders filed a plea of privilege. Appellees filed a controverting plea asserting venue in Haskell County under that portion of Subdivision 23 of Article 1995, Vernon's Ann.Civ.St., which provides that suits against a private corporation may be brought in the county in which the cause of action or a part thereof arose. The court overruled the plea of privilege and the defendant has appealed.

We have considered the entire record and hold that the judgment finding that

appellees proved that a cause of action or a part thereof arose in Haskell County is not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Appellant says appellees failed to prove a meritorious cause of action by a preponderance of the evidence. The contract contained the following provision: "It is expressly understood that Party of the First Part shall have the option of canceling this contract, or of taking over the equipment belonging to Party of the Second Part and finishing the work under said First Party's control, but at the Second Party's expense, if the Second Party's operations are not handled in a satisfactory manner; and of this, Party of the First Part shall be the sole judge. In the event the work herein contracted for is so finished under the First Party's control, as above provided, then the full expenses incurred by First Party in so completing said contract shall be charged to and paid by the Second Party. The excess of said expenses, over the balance of the contract price, shall be paid by Second Party to the First Party. If the contract price is in excess of said expenses, the balance, after deducting said expenses, shall be paid to the Second Party." Appellant says there can be no liability for breach of contract because under said quoted provision, it was the sole judge of the appellees' operation.

In appellees' controverting plea they alleged: "The plaintiffs allege, and it is a fact, that the breach by defendant of the aforesaid contract, such being the basis of plaintiffs' cause of action in this suit, arose in Haskell County, Texas, because on or about September 25, 1967, the defendant, at the job site in Haskell County, Texas, ordered and directed the plaintiffs to leave the subject job and to discontinue any further work thereon. The willful and unreasonable prevention of plaintiffs to perform the aforesaid contract by defendant occurred in Haskell County, Texas, the county in which this suit was filed."

We find there is some evidence of probative value to support the judgment that a cause of action or a part thereof arose in Haskell County and that appellees proved a meritorious cause of action by a preponderance of the evidence. H. E. B. Food Stores v. Rodgers, 385 S.W.2d 626, (Eastland Civ.App.1964, no writ history).

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.