**CACTUS FEEDERS, INC., Appellant,**

**v.**

**Marvin D. WITTLER, Appellee.**

**No. 8434.**

Court of Civil Appeals of Texas, Amarillo.

April 22, 1974.

Lovell, Lyle, Cobb & Renfer, Michael P. Metcalf, Dumas, for appellant.

Sheehan & Dubuque, Inc., Michael D. Meredith, Dumas, for appellee.

ELLIS, Chief Justice.

In this appeal of a wage claim case arising out of an employee's discharge, the employer-appellant challenges the trial court's judgment allowing the employee's recovery of certain wages and a bonus under an oral employment contract. Reversed and rendered.

Marvin D. Wittler, plaintiff-appellee, herein sometimes called "Wittler," was an employee of Cactus Feeders, Inc., defendant-appellant, herein sometimes called "Cactus," a local feedyard which was in the business of feeding cattle and preparing them for market. Wittler, at the time of his discharge, on January 18, 1972, was a mill foreman. Cactus had a policy of paying its employees a bonus equal to the employee's average monthly salary for the last year on the anniversary date of each year of satisfactory employment by the employee.

The record indicates that for several months prior to his discharge, Wittler had become dissatisfied with his employment because of his failure to receive certain contemplated increases in salary. There had been various discussions between Wittler and members of management concerning salary matters. He alleged that on January 15, 1972, he gave notice that he would resign his employment with Cactus on February 15, 1972. On the morning of January 18, 1972, Wittler made a telephone call to Gale Turner, the manager of Cactus Feeders. According to Turner, Wittler advised him during the telephone conversation that he had heard that he (Wittler) was about to be replaced by another man, and that if he got "canned" or if he left Cactus' employment, there would be three or four other employees quit or leave at the same time. Later, during that same morning, Wittler was discharged from the employment of Cactus Feeders by W. K. Burgess, the appellant's feedlot manager. A paycheck was given to Wittler which covered approximately three days' pay, the period of time from the last pay period of Wittler through January 18, 1972. Wittler claims that he was entitled to be paid for the balance of one month's salary and for his yearly bonus. In this case, the anniversary date with respect to a possible bonus was February 9, 1972, while Wittler's termination was on January 18, 1972, approximately three weeks prior to such anniversary date. There were no written contractual agreements between Cactus and Wittler.

Wittler instituted suit for the balance of one month's pay and for the yearly bonus. He claims that his employment was wrongfully and unjustly terminated, thus depriving him of the right to work and the balance of his salary for 27 days, until February 15, 1972, in accordance with the notice he had given to Cactus, and a bonus of $800 to which he claims he was entitled on February 9, 1972. Cactus claims there were no formal contractual arrangements between Cactus and Wittler; that Wittler was hired strictly as an employee at will; and that either party was free to terminate the employment at any time for any reason.

The case was tried before a jury. Prior to the submission of the cause on special issues, the court overruled appellant's motion for instructed verdict. After the verdict was received from the jury, the court also overruled the appellant's motion for judgment non obstante veredicto. In substance, the grounds for the appellant's motion for instructed verdict and for judgment non obstante veredicto were that (1) under the evidence, the plaintiff Wittler was an employee at will, without written

contractual obligation on either party, and that plaintiff's employment could be terminated with or without cause by either party at any time, and thus, as a matter of law, plaintiff is not entitled to recover on his claim for compensation for the additional 27 days following the date of termination; and (2) under the evidence, the bonus sought by the plaintiff was not earned until a full year period of satisfactory employment had been completed by the employee, and that the plaintiff who had not so served or remained in defendant's employment for such entire year was not entitled to any bonus as a matter of law.

The issues submitted to the jury and the respective answers are:

## "SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence, the Plaintiff's employment was terminated for just cause by the Defendant's manager W. K. Burgess, on January 18, 1973?

\* \* \* \* \* \*
"Answer: 'It was not.'

"If you have answered the above Special Issue No. 1 'It was not' then answer the following Special Issues, otherwise you need not answer any of the following Special Issues.

## "SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence the payment of a bonus to employees by the Defendant, Cactus Feeders, Inc., was a discretionary matter, resting with the feedlot manager, W. K. Burgess?

\* \* \* \* \* \*
"Answer: 'It was.'

## "SPECIAL ISSUE NO. 3

"Do you find from a preponderance of the evidence that the Plaintiff, Marvin D. Wittler was required to serve one complete year of satisfactory service before he could receive a bonus. (sic)

\* \* \* \* \* \*
"Answer: 'It was required.'

## "SPECIAL ISSUE NO. 4

"Do you find from a preponderance of the evidence an employee could earn a bonus by serving less than one complete year with the Defendant, Cactus Feeders, Inc. (sic)

\* \* \* \* \* \*
"Answer: 'It could be earned.'

## "SPECIAL ISSUE NO. 5

"Do you find from a preponderance of the evidence that Plaintiff was entitled to a bonus from Defendant?

\* \* \* \* \* \*
"Answer: 'We do.'

## "SPECIAL ISSUE NO. 6

"Do you find from a preponderance of the evidence the Plaintiff is due wages, if any, for an additional 27 days after termination of his employment?

\* \* \* \* \* \*
"Answer: 'He is.' "

The court entered judgment for Wittler on the jury's verdict on the basis of a stipulation by the parties as to the respective amounts involved regarding the wages and bonus in question. From this judgment Cactus has brought this appeal on five points of error. Basically, the contested matters are whether Wittler is entitled to recover on his claims for (1) wages for an additional 27 days following his discharge, and (2) a bonus equal to one month's pay as additional compensation.

In its first point of error, appellant asserts that the trial court erred in failing to grant appellant's motion for instructed verdict or its motion for judgment non obstante veredicto as related to the wage claim of appellee for 27 days of compensation after appellee's discharge. Appellant

urges that the evidence establishes the very general and informal nature of the employment agreement; that no definite term of employment was fixed by the oral employment contract and that either party could terminate the employment relationship at will with or without cause. Wittler was paid through January 18, 1972, the date of termination, and appellant insists that no further compensation was due to him as a matter of law.

■ It has been held that in the absence of contractual limitations, the employer has the authority to discharge an employee at will, and with or without cause. Scruggs v. George A. Hormel & Company, 464 S. W.2d 730 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e. ). Horn v. Builders Supply Company of Longview, 401 S.W.2d 143 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e. ). Also, see 38 Tex.Jur.2d Master and Servant § 12. The basic rule was stated by the Supreme Court in the early case of E. L. & R. R. R. Co. v. Scott, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888) as follows:

"It is very generally, if not uniformly, held, when the term of service is left to the discretion of either party, or the term left indefinite, or determinable by either party, that either may put an end to it at will, and so without cause."

■ The appellee insists that, although the contract in question was verbal and employment granted at will, the contract was based upon satisfactory employment, and thus the employer could not discharge an employee while he was performing satisfactorily without just cause. In support of such contention, the appellee has cited the cases of Porter v. United Motels, Inc., 315 S.W.2d 340 (Tex.Civ.App.—Waco 1958, no writ) and Hardison v. A. H. Belo Corp., 247 S.W.2d 167 (Tex.Civ.App.—Dallas 1952, no writ), holding that in the event there was an agreement whereby the employee would be employed for so long as he satisfactorily performed the duties for which he was hired, the employer may not discharge the employee without showing good faith dissatisfaction.

The verbal contract of employment between Cactus and Wittler did not specify a definite term of employment. Wittler admitted that he was in no way restricted from leaving appellant's employment or that Cactus was in any way restricted from terminating the employment relationship. Warren K. Burgess, appellant's feedlot manager, testified that there were no contractual restrictions between Cactus and Wittler. Burgess testified that ". . . he (Wittler) was hired as we hire routinely all our employees, he agreed to come to work and we agreed to hire him." We note that the employment contracts involved in both the Porter and Hardison cases cited by the appellee contained specific agreements to the effect that the employee would be employed for so long as he satisfactorily performed his duties. In the instant case, we find no contractual limitation or qualification which would limit appellant's right to discharge Wittler at will, with or without cause. It is therefore our opinion that the rules set out in the Porter and Hardison cases are not controlling here.

In the instant case, the record discloses no evidence of any provision in the employment contract between Cactus and Wittler for a definite period of employment or which would limit appellant's right to discharge Wittler at will without liability for unearned or future wages. See Horn v. Builders Supply Company of Longview, supra, and authorities cited therein. We hold, therefore, that there was no evidence to sustain the submission of the issue concerning the appellee's entitlement to his claim for wages for the 27 day period after his employment was terminated, and that the court erred in failing to grant appellant's motion for instructed verdict or its motion for judgment non obstante veredicto as it pertained to such wage claim for the 27 day period. Schad v. Williams, 398 S.W.2d 603 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.); Rule 301, Texas

Rules of Civil Procedure. Appellant's first point of error is sustained.

■ In appellant's second point of error, it contends that the trial court erred in failing to grant appellant's motion for instructed verdict or judgment non obstante veredicto as related to the bonus claim of appellee for compensation after appellee's discharge. The appellant insists that the evidence and jury findings establish that Wittler was not entitled to the bonus in question as a matter of law. To support such contention appellant relies upon the evidence and the jury findings in answer to special issues numbers two and three that the payment of the bonus was discretionary with the feedlot manager and that Wittler was required to serve one complete year of satisfactory service in appellant's employment before he was entitled to receive such bonus. In this connection appellant asserts that it was within the feedlot manager's personal discretion whether or not to pay a bonus and, if, in the opinion of the manager, an employee's service was not satisfactory, the bonus need not be paid. Appellant contends that in this case, the manager determined that, in his opinion, Wittler's service became unsatisfactory and discharged him prior to the one year's service required to receive the bonus; thus Wittler was ineligible to receive the bonus.

The evidence discloses that the bonus in question, while it had been paid to all employees who had remained in appellant's employment for the required twelve months, was paid at the discretion of the feedlot manager. Wittler testified that he knew that he had to remain in appellant's employment for the full twelve month period before he was entitled to receive the bonus. Burgess, the feedlot manager, testified that the bonus was established as an incentive to keep the employees on a year-to-year basis, provided they were good and loyal workmen. He further stated that the bonus was not earned, but was a gift to employees "in gratitude to services well rendered." The payment of the bonus was apparently not related to profits. Burgess further testified that when the feeding operation was unprofitable, appellant nevertheless paid the bonus to the employees who had done a "good job" and stayed a full year, but that payment of the bonus was at Burgess' personal discretion and Cactus was not obligated to pay the bonus. Harold Doug Florence, Vice President of Stratford of Texas and General Manager of the Feedyard Division of the Cactus organization, testifed there was no guarantee of payment of a bonus to any employee, and the payment of such a bonus was discretionary with the individual feedyard management.

The appellee contends that, even though the bonus was discretionary, the equities of the situation would require that the employer should not be allowed to profit by its action of termination without just cause. As previously noted, in the light of the recognized authorities, the relationship between Cactus and Wittler was of the type that may be terminated at will, with or without just cause. The bonus was paid only at the completion of one full year of satisfactory service and was in the nature of a gratuity granted at the sole discretion of the manager. The sole discretion was vested with the employer to make the determination as to the matter of satisfactory service. There is no showing that an employee had earned or could earn a bonus by serving less than the complete year.

From a review of the record, we have determined that the evidence establishes that the matter of granting a bonus was discretionary with the feedlot manager and that the employee was required to complete the full year's satisfactory service to be entitled to a bonus. In the opinion of the feedlot manager, Wittler's services had become unsatisfactory, and he was discharged prior to the anniversary of the full year of satisfactory service. It is, therefore, our opinion that in this case, it has been established as a matter of law that the appellant is not obligated to pay the claim for

the bonus in question. Appellant's second point of error is sustained.

The remaining numbered points of error are that (3) the answers to special issues nos. two and three establish as a matter of law that appellee was not entitled to a bonus; (4) the court erred in submitting special issue no. five as a double submission of the bonus question; and (5) there was no evidence to support the jury's special issue no. four answer, which the trial court erroneously failed to disregard. Suffice it to state that the evidence heretofore reviewed dictates that these points of error should be, and are, sustained, and further discussion would be superfluous.

For the reasons above stated, the judgment of the trial court is reversed and judgment rendered that the appellee take nothing by his suit.