Terry O'Neal **STANLEY**, Appellant,

v.

**H.J. JUSTIN & SONS, INC.,** d/b/a Justin Boot Company, Justin Leather Goods Company, and Justin Belt Company, Appellees.

No. 2–84–003–CV.

Court of Appeals of Texas, Fort Worth.

June 27, 1984.

Lipscomb, Zachary & Kearney and Cue Lipscomb, Fort Worth, Scott, Hulse, Marshall, Feuille, Finger & Thurmond and Dennis L. Richard, El Paso, for appellant.

Kelly, Appleman, Hart & Hallman, and John B. McAdams, Fort Worth, for appellees.

Before HUGHES, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HUGHES, Justice.

Terry O'Neal Stanley has appealed the take nothing judgment rendered against him in favor of H.J. Justin and Sons, Inc., d/b/a Justin Boot Company, Justin Leather Goods Co., and Justin Belt Co. The judgment was based on the jury verdict in which the jury answered only the first special issue. Trial was had on Stanley's cross action to Justin's original suit for a declaratory judgment.

We affirm.

Special Issue Number One (with the jury's answer thereto) was:

Do you find from a preponderance of the evidence that on or about September 6, 1977, Justin entered into a contract with Stanley to employ him on a year to year term?

Answer "We do" or "We do not."

Answer: __We do not__

This case involves a letter written by Bill Powers, Vice President of Sales and Marketing for Justin, to Mr. Stanley which is here set out:

September 6, 1977

Mr. Terry O. Stanley
P.O. Box 307
Colleyville, Tx. 76034

Dear Terry:

After our last few meetings, I felt it necessary to put our agreement in writing so there will be no misunderstandings between all concerned.

As discussed, your base salary will be $40,000.00 per year plus one-half of 1% of the increased boot sales. Since your plans are to come to work the middle of October, this year's bonus will be based on the increased boot sales for November and December of 1977. This bonus is to be paid once a year near the middle of January after we've received the sales figures for the year.

Since you felt you had rather not have a Company car provided, as per our agreement, the Company will pay you a $200 per month car allowance to cover car expenses and insurance. The gas and maintenance (tires, etc.) will be paid for by Justin.

If you feel there's anything I have failed to cover in this letter, please feel free to contact me.

Regards,

THE JUSTIN COMPANIES

/s/ Bill Powers

Vice President of Sales

Stanley worked for Justin from September, 1977 until he was terminated on March 9, 1979. He brought this cross action sixteen months later seeking payment of salary for the balance of 1979 plus bonuses.

As a matter of law, was the letter agreement a definite employment contract for a one year term, impliedly renewed by the continued employment of Mr. Stanley in January 1979? Does the letter justify a finding, as a matter of law, of a year to year contract? Mr. Stanley asserts that the jury was called upon to pass on a question of law in Special Issue Number One in that the letter is not ambiguous and that the trial court should have so found as a matter of law and not submitted it to the jury.

One could assume that Mr. Powers was contemplating a yearly employment of Mr. Stanley by inference from the base salary of $40,000 a year and the bonus based on

"sales figures for the year." On the other hand, what does the letter reveal that Mr. Stanley was to do for the $40,000 plus one-half of 1%? What was his position with Justin? For how long was his contract of hire? What was the extent of *his* obligation to Justin in return for the salary and bonus? If a bonus for 1977 was based on two months of sales, what about another part year bonus?

[1] Although the letter states that it is an "agreement in writing so there will be no misunderstandings," it appears to us to do little to resolve the questions above enumerated. In short, we hold it to be ambiguous and that Special Issue No. One was properly submitted.

[2] The jury's answer to Special Issue Number One finding the employment of Mr. Stanley not to be on a year to year basis in effect places him in the position of being an employee at will and subject to discharge at will. *Cactus Feeders, Inc. v. Wittler*, 509 S.W.2d 934 (Tex.Civ.App.—Amarillo 1974, no writ); *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (Tex.1888); *Clear Lake City Water Auth. v. Clear Lake Util.*, 549 S.W.2d 385 (Tex. 1977).

We hold that, in this case, the question of whether or not the parties had a year to year contract was one of fact. *Hervey v. Passero*, 648 S.W.2d 344 (Tex.App.—El Paso), *aff'd*, 658 S.W.2d 148 (Tex.1983). We overrule points of error one through three.

[3] Having ruled the letter ambiguous, we overrule point of error number four because parol evidence is admissible under the circumstances and admission of parol evidence was an evidentiary matter. *R & P Enterprises v. LaGuarta, Gavrel & Kirk*, 596 S.W.2d 517 (Tex.1980). We also overrule Special Issue Number Five because of our holding on the ambiguity feature, Mr. Stanley's claim of "no ambiguity being the basis of his motion in limine."

[4] Point of error number ten asserts error because the trial court's judgment was contrary to the great weight and preponderance of the evidence adduced in the case. Our examination of the testimony leads us to the conclusion that it was not so contrary. By Stanley's own testimony, he was never told that the letter was an employment contract and that he was never told by any Justin executive that he was being hired on a year to year basis. Also, Stanley testified that though he felt obligated to remain at Justin, he could have resigned anytime he wanted to (and that he thought of doing it many times). He admitted that the first time he mentioned his claim of an employment contract was sixteen months after he was terminated when he filed this suit. We overrule point of error number ten.

In the light of our rulings on points of error numbers one through five and number ten, we find it unnecessary to consider points of error six through nine as they are eliminated by our other rulings.

We affirm.