### B. H. HANKINS V. COCA COLA BOTTLING COMPANY.

No. A-3575. Decided June 18, 1952.
(249 S. W., 2d Series, 1008.)

*Davis, Spurlock & Schattman and Denning Schattman,* of Fort Worth, for petitioner, *B. H. Hankins.*

The Court of Civil Appeals erred in holding that the trial court's action in refusing to grant defendant a motion for a new trial in view of the excessive verdict was equivalent of a general demurred permitting the reversal of the case on an unassigned error. Wisdom v. Smith, 146 Texas 420, 209 S.W. 2d 164; Collins v. Smith, 142 Texas 36, 175 S.W. 2d 407; Texas Rules of Civil Procedure 320.

*Cantey, Hanger, Johnson, Scarborough & Gooch, J. A. Gooch* and *Charles L. Stephens,* all of Fort Worth, for petitioner, Coca Cola Bottling Company, respondent herein.

The application for writ of error on the part of petitioner Hankins must be denied because it only assigns as error actions of the Court of Civil Appeals in passing upon a question of fact, which action is conclusive and binding upon the Supreme Court, and the Court of Civil Appeals committed no error in considering respondents point of error complaining of the excessiveness of the verdict. Moore v. Dilworth, 142 Texas 538, 179 S.W. 2d 940; Cline v. Niblo, 117 Texas 474, 8 S.W. 2d 633; Wagley v. Frambrough, 163 S.W. 2d 1072.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a personal injury action in which B. H. Hankins secured a judgment in the District Court of Tarrant County in the sum of $15,000 against the Coca Cola Bottling Company for personal injuries sustained by him when a bottle of coca cola, manufactured, distributed and sold by defendant, exploded. Plaintiff had purchased a carton of twelve bottles of coca cola from Wehring Food Store, transported it in his car a distance of about three blocks to his home, and was walking along his driveway carrying the carton of coca cola when the explosion occurred.

The case was tried and submitted to a jury on the theory of *res ipsa loquitur.* The defendant duly perfected its appeal to the

Court of Civil Appeals for the Second Supreme Judicial District of Texas at Fort Worth which court affirmed the action of the trial court insofar as it had submitted the case to the jury under the *res ipsa loquitur* doctrine, but reversed and remanded the cause on grounds other than the applicability of said doctrine. 245 S.W. 2d 740. This court has granted applications for writs of error filed by both plaintiff and defendant. Therefore, to avoid confusion, the parties involved in this appeal will be identified by the position they occupied in the trial court; i. e., petitioner, B. H. Hankins as plaintiff and respondent, Coca Cola Bottling Company, as defendant.

Since a most careful consideration of this case has led this court to the conclusion that the facts do not justify the application of the doctrine of *res ipsa loquitur*, and that the trial court should have granted defendant's motion for instructed verdict filed at the close of the evidence, it is unnecessary to pass on the questions asserted in plaintiff's application for writ of error.

Honea v. Coca Cola Bottling Co., 143 Texas 272, 183 S.W. 2d 968, 160 A.L.R. 1445, an "exploding bottle" case, clearly sets out the rule that the doctrine of *res ipsa loquitur* may be extended beyond the time when the agency causing the injury was in the exclusive control of the defendant. It was stated in that case that negligence may be inferred provided that the testimony showed "that the bottle (1) was in no way 'accessible to extraneous harmful forces'; and (2) 'was carefully handled by plaintiff or any third person who may have moved or touched it.' " The court then said that "The reason for the proviso is that, in the absence of such proof, the evidence would show two or more possible causes of the explosion, one or more of which is chargeable to persons other than the defendant, in which situation the rule of *res ipsa loquitur* is not applicable." The Honea case recognized the dangers of too liberal an application of the doctrine when it required the plaintiff to satisfy the controlling question of the absence of intermediate forces acting upon the instrument causing the injury, before the ultimate question of inferred negligence be reached. The court said, quoting from Escola v. Coca Cola Bottling Co., 24 Calif 2d 453, 150 P. 2d 436, " 'It is not necessary of course, that plaintiff eliminate every remote possibility of injury to the bottle after defendant lost control, and the requirement is satisfied if there is evidence permitting a reasonable inference that it was not accessible to extraneous harmful forces and that it was carefully handled by plaintiff or any third person who may have moved or touched it

* * * If such evidence is presented, the question becomes one for the trier of fact * * *, and, accordingly, the issue should be submitted to the jury under proper instructions.' " The court also said "* * * it is not necessary that plaintiff establish these facts beyond a reasonable doubt. If he shows them by a preponderance of the evidence, the rule may be applied unless the defendant shows that he was not negligent in manufacturing, charging and filling the bottle."

Now, what are the facts in this case? Plaintiff's witness, Mr. Wehring, the owner of the store, testified that the deliveries were made to his store by defendant before noon or at noon. There was other undisputed testimony showing that deliveries were customarily made on Tuesdays, Thursdays and Saturdays. The plaintiff testified that he purchased the bottles in question about 1 p. m. on Wednesday. Therefore, the bottles were in the store for at least a twenty-four hour period prior to the plaintiff's purchase. There is no direct testimony in the record showing how long the bottles in question had actually been in the store, the store owner testifying that he had no way of knowing the length of time of their presence. Wehring operated a "self-service store" and the testimony clearly shows that all the customers handled the bottles and cartons on display; that bottles were transferred from cases into cartons; that sometimes cartons broke and the bottles dropped on the floor. The plaintiff did not know what had happened to the coca cola bottle before it was sold to him. There was no evidence warranting the submission to the jury of a special issue inquiring of the intermediate handling of the bottle in question. The plaintiff did not satisfy the controlling requirement that he negative the possibility of an intermediate actor on the agency causing the injury, by a preponderance of the evidence, so as to allow the jury to decide whether negligence on the part of the Coca Cola Company might be inferred.

A person injured by a resultant explosion of a coca cola bottle is entitled to rely on the *res ipsa loquitur* doctrine even though the bottle has left the bottler's control, but, in such cases, it is necessary for the plaintiff to establish by a preponderance of the evidence that the instrumentality, (in this case a bottle) was not damaged by some intervening force between the time of its last handling by the defendant and the final occurrence which causes the damage. Alagood v. Coca Cola Bottling Co., Tex. Civ. App., 135 S. W. 2d 1056, error dismissed, judgment correct; Henning v. Thompson, 45 So. 2d 755 (Sup. Ct., Fla., 1950) ; Monroe et al v. H. G.

Hill Stores, Inc. et al, 51 So. 2d 645 (Ct of App., La., 1951);
Hughs v. Miami Coca Cola Bottling Co., 155 Fla. 299, 19 So. 2d
862; Dunn et al v. Hoffman Beverage Co., 126 N. J. L. 556, 20
A. 2d 352; Ann. 4 A. L. R. 2d 466, 478

In the case of Benkendorfer v Garrett, Tex. Civ. App., 143
S.W. 2d 1020, relied upon by plaintiff, the findings of fact by
the trial court reveal a different factual background than that
presented in this case. In that case, the trial court found as a
fact from "clear and convincing evidence" that the bottle which
exploded remained with several other bottles of the beverage in
the case in which it was delivered to plaintiff from the time of
such delivery until the explosion occurred, and that said bottle
was not moved or molested by any one, save and except that the
case in which the bottle was resting was shifted to the top of a
case of Dr. Pepper by a servant on the day after the delivery
thereof. In view of said findings of fact, the Court of Civil Ap-
peals in that case correctly held that the plaintiff was entitled
to recover under the doctrine of *res ipsa loquitur*.

The judgments of the Court of Civil Appeals and the trial
court are reversed and judgment is here rendered for the de-
fendant.

Opinion delivered June 18, 1952.