**AMARILLO COCA–COLA BOTTLING CO., Inc., Appellant,**

v.

**Meredith Lynn HALL, a minor, by next friend, Jim Lynn Hall, and Martha Hall and Jim Lynn Hall, Appellees.**

**No. 7412.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 16, 1964.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

No brief filed on behalf of appellees.

NORTHCUTT, Justice.

This is a venue case. The parties will be referred to as in the trial court. Since Amarillo Coca-Cola Bottling Company is the only one presenting this appeal, it will be referred to hereafter as defendant. Plaintiffs brought suit in the District Court of Hutchinson County against Amarillo Coca-Cola Bottling Company and Allied Supermarkets, Inc. for injuries allegedly sustained when four bottles of Coca-Cola purchased from Allied's Ideal Food Store No. 1 in Borger, Hutchinson County, Texas, broke and injured their daughter on June 27, 1963, in Stinnett, Hutchinson County, Texas. Plaintiffs in this suit relied upon a breach of warranty and the doctrine of res ipsa loquitur to establish a cause of action. The defendant filed its plea of privilege to be sued in Potter County, Texas, the county of its residence. Plaintiffs controverted the plea of privilege asserting venue in Hutchinson County, Texas, under Subdivisions 23 and 29a of Article 1995, Vernon's Ann.Civ.St. The plea of privilege was duly heard and overruled. From that order the defendant perfected this appeal.

Defendant presents this appeal upon three assignments of error contending the court erred in overruling its plea of privilege because plaintiffs failed to prove the necessary facts to invoke the doctrine of res ipsa loquitur and had not established a cause of action against defendant; that plaintiffs had not established a cause of action against the defendant under breach of warranty theory and had failed to prove the facts necessary to sustain venue in Hutchinson County, Texas, under any subdivision of Article 1995, V.A.C.S.

728

The plaintiffs did not contest defendant's appeal and did not appear in person or file any reply brief herein. That portion of Subdivision 23 of Article 1995 here involved reads as follows:

"Corporations and associations.—Suits against a private corporation, association or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county * * *."

In order to hold venue in Hutchinson County under Subdivision 23 it was necessary for the plaintiffs to show they had a cause of action against this defendant. It is undisputed the defendant's principal office and place of business is situated in Amarillo, Potter County, Texas. The undisputed evidence shows that from the time the defendant's deliveryman delivers the cases of Coca-Cola to the Ideal Food Store, being the Coca-Cola bottles here in question, he never touches them again. Mr. Scott, the Ideal Food Store Manager, testified in his eighteen years of experience in grocery business he had never seen a Coke explode without having been dropped, kicked or mishandled in some way. The store sells about sixty cases of Coke per week. The store operates a self-service business in which seven to eight thousand customers are served weekly. Customers frequently split cartons of various beverages and will put them on the floor or somewhere on the counters. Several thousand customers might have handled the Cokes from the time the deliveryman delivered them to the store and when purchased by the plaintiff. We realize the burden placed upon the plaintiffs in proving a cause of action against the defendant in this kind of a suit but think under this record they have failed to do so.

We are of the opinion, and so hold, that the plaintiffs have failed to bring this case within the principle stated by the Supreme Court in the case of Hankins v. Coca Cola Bottling Co., 151 Tex. 303, 249 S.W.2d 1008, where it is stated:

"A person injured by a resultant explosion of a coca cola bottle is entitled to rely on the res ipsa loquitur doctrine even though the bottle has left the bottler's control, but, in such cases, it is necessary for the plaintiff to establish by a preponderance of the evidence that the instrumentality (in this case a bottle) was not damaged by some intervening force between the time of its last handling by the defendant and the final occurrence which causes the damage. Alagood v. Coca Cola Bottling Co., Tex.Civ.App., 135 S.W.2d 1056, error dismissed, judgment correct; Henning v. Thompson, Fla.1950, 45 So.2d 755; Monroe v. H. G. Hill Stores, Inc., La.App.1951, 51 So.2d 645; Hughs v. Miami Coca Cola Bottling Co., 155 Fla. 299, 19 So.2d 862; Dunn v. Hoffman Beverage Co., 1941, 126 N.J.L. 556, 20 A.2d 352; Ann. 4 A.L.R.2d 466, 478."

Since the plaintiffs failed to prove they were entitled to hold venue in Hutchinson County as against this defendant under this record as provided under Subdivision 23 of Article 1995, Subdivision 29a would not apply. It is stated in Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 as follows:

"Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article. Pioneer Bldg. & Loan Ass'n v. Gray, supra [132 Tex. 509, 125 S.W.2d 284]; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347."

The judgment of the trial court is reversed and the cause of action as to this defendant is ordered transferred to the 108th Judicial District Court in and for Potter County, Texas.

CHAPMAN, J., not participating.