**H. E. B. FOOD STORES, Appellant,**

v.

**Mrs. Rachel MERCADO et al., Appellees.**

**No. 7417.**

Court of Civil Appeals of Texas,
Beaumont.

Oct. 19, 1972.

Groce, Locke & Hebdon, San Antonio, for appellant.

Pat Maloney, Wiley, Plunkett, Gibson & Allen, San Antonio, for appellee.

KEITH, Justice.

We review a venue appeal involving alleged injuries to a minor child. Mrs. Mercado, along with her two small children, were in defendant's store shopping. She removed a six-pack carton of soda water from a display stack, noticing as she did so that there were several loose bottles upon the shelf from which she had removed the carton. One of these loose bottles fell, struck a bottle which her daughter Brenda was carrying in her hand, causing it to break and cut Brenda's leg.

Mrs. Mercado, individually and as next friend of Brenda, sued H.E.B. and Huntress Bottling Company, alleged to be domiciled in Bexar County. H.E.B. filed its plea of privilege to be sued in Nueces County and Huntress answered generally. Plaintiffs controverted the plea of privilege by invoking the provisions of exceptions 4, 9a, and 29a, Art. 1995, Vernon's Ann.Civ.St. The specific acts of negligence charged by plaintiffs, as summarized in their brief, were: (1) failing to place barricades; (2) failing to place warning signs; (3) failing to provide proper dividing materials between the stacks and tiers of soft drink bottles; (4) failing to regularly inspect the display of soft drink bottles. Additionally, plaintiffs invoked the doctrine of res ipsa loquitur.

Upon the hearing, only Mrs. Mercado testified and the entire statement of facts contains only thirteen pages. Yet, from this meager record, appellant comes forward with eleven points of error complaining of the action of the trial court in overruling its plea of privilege.

■ No findings of fact or conclusions of law were filed by the trial court and on this appeal from an order overruling the plea of privilege "every reasonable intendment must be resolved in favor of the trial court's judgment." James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323 (1959).

■ Mrs. Mercado's testimony did not connect Huntress with the occurrence in any manner. We have heretofore summarized the acts of negligence contained in the petition and there was no testimony showing what connection, if any, Huntress had with the store, the soda water cartons, or the loose bottles. The only suggestion in our record that Huntress is domiciled in Bexar County is to be found in plaintiffs' petition. Proof of the residence of one of the defendants in the county where the suit is pending must be made by affirmative proof when plaintiff is relying upon exception 4. "Proof of it is not made by, or by the introduction of, the allegations of the petition or of the controverting affidavit." Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936); James v. Drye, supra (320 S.W.2d 319, at p. 323).

■ It was incumbent upon plaintiffs to plead and prove, as a venue fact, that Huntress was domiciled in Bexar County, in order to maintain venue under exception 4. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 761 (1956). The result which we reach is inescapable when we realize that plaintiffs failed to prove another essential venue fact, a bona fide cause of action against Huntress, the alleged resident defendant. See the authorities collated in 1 McDonald, Texas Civil Practice (1965 Rev. Vol.), § 4.10.2, p. 441. It follows that plaintiffs may not maintain venue in Bexar County under exception 4 and we sustain point eight insofar as it relates to this exception.

■ From the foregoing summary of the pleadings and the evidence, it is appar-

ent that plaintiffs' reliance upon exception 29a is likewise misplaced. With admirable clarity, *McDonald* sets out the requirements which must be met in reliance upon exception 29a: "Before exception 29a can apply, four conditions must exist: the action must be against two or more defendants; all of them must reside outside the county of suit; venue must be proper as against at least one of the defendants under some exception to the general venue rule; and the defendant urging his privilege must be a necessary party to the claim against the defendant as to whom venue is proper." *McDonald,* supra, § 4.36, p. 544.

In relying upon exception 9a, the negligence subdivision, plaintiffs were required to prove, by a preponderance of the evidence, negligence upon the part of H.E.B. which proximately caused the injuries of the minor plaintiff. This court collated many of the cases with reference to the venue facts necessary for a plaintiff to prove in the case of Sharp v. Salazar, 398 S.W.2d 444, 446 (Tex.Civ.App., Beaumont, 1965, no writ), to which we refer. Additional authorities are also collated in the case of Calhoun v. Padgett, 409 S.W.2d 890, 891 (Tex.Civ.App., Tyler, 1966, no writ).

Giving to Mrs. Mercado's testimony the full weight to which it is entitled, and indulging every reasonable intendment in favor of its sufficiency, plaintiffs succeeded in establishing only that a bottle which had been upon an upper shelf of defendant's store fell therefrom, struck a bottle which the child was carrying and injured her. However, we have searched the record and can find no evidence which tends to prove (a) who placed the loose bottle upon the shelf; (b) how long it had been present before it fell; (c) any knowledge of the defendant or its agents of its presence on the shelf; or (d) what caused it to fall. As to the latter element, it might be deduced that it was Mrs. Mercado's act in removing the full carton from the shelf which caused the bottle to fall, but this, too, is conjectural from our record.

The fact that the bottle fell accidentally and injured the child is not dispositive, because the mere happening of an accident if not of itself evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 199 (1937); Thoreson v. Thompson, 431 S.W.2d 341, 344 (Tex.1968). In order to maintain venue, the plaintiffs were required to go further and show that it was some negligent act or omission of the defendant, H.E.B., which proximately caused the injury to the child. In this respect, plaintiffs wholly failed to establish by probative evidence, any of the specific acts of negligence alleged in their petition.

Admittedly the plaintiffs were business invitees upon the store premises and we recognize the rule that an occupier of premises holds a duty to use ordinary care to keep his premises in a reasonably safe condition for his invitees, or to warn of the hazard incident to the use thereof. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538, 539 (Tex.1968), citing cases and quoting Restatement of Torts, § 343.

The liability of the storekeeper was not shown in *Razey,* because there was no evidence that the storekeeper knew the silt and mud were on the walkway before Mrs. Razey fell nor was there evidence that the substance had been on the walkway such a length of time that the storekeeper should have discovered it. Here, as we have previously noted, there is no evidence that the defendant had anything to do with the precarious placement of the loose bottles upon the shelf, had any knowledge of their placement, or that the bottles had been so placed for such a length of time that it should have discovered the danger. Additional citations would only unduly lengthen this opinion upon a matter of common knowledge. See in this connection 40 Tex.Jur.2d, Negligence, § 59, p. 536, et seq.

When we turn to a consideration of the pleading of res ipsa loquitur, we recognize the rule enunciated in Flowers v.

Dempsey-Tegeler & Co., 472 S.W.2d 112, 115 (Tex.1971). Although the plaintiffs in contesting the plea of privilege were required to plead and prove a cause of action, no greater burden was placed upon them in the venue hearing than upon a trial of the merits. Further, in disapproving our holding in Southwestern Transfer Company v. Slay, 455 S.W.2d 352 (Tex. Civ.App., Beaumont, 1970, no writ), it is now settled that if a plaintiff makes out a prima facie case of liability in the venue hearing, relying *solely* upon the doctrine of res ipsa loquitur, such is sufficient to maintain venue in the county of the suit. *Flowers Case,* supra.

■ It has been said that the doctrine of res ipsa loquitur is but a type of circumstantial evidence to which the courts have given a dramatic name. 1 McCormick & Ray, Texas Law of Evidence, § 108, p. 147. In one of the leading cases on the subject in this state, Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 663 (1935), it is said that "the courts generally of this state recognize the res ipsa loquitur formula as being merely a rule of evidence." Chief Justice Calvert, in Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546, 547 (Tex.1969), restated the rule in this manner:

"Res ipsa loquitur is a rule of evidence which permits a jury to infer negligence, without proof of specific negligent conduct on the part of the defendant, if the accident is of a type which does not ordinarily occur in the absence of negligence and if the instrumentality inflicting the harm is within the *exclusive control* of the defendant." *

* All emphasis herein has been supplied.

In his analysis of the doctrine of res ipsa loquitur as applied to exploding bottles, the Chief Justice contrasted Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445 (1944), in which plaintiff's evidence made out a prima facie case, with the later case of Hankins v. Coca Cola Bottling Co., 151 Tex.

303, 249 S.W.2d 1008 (1952), wherein plaintiff's evidence failed to make a prima facie case. In *Honea,* the exploding bottle had been out of the defendant's possession for only five or ten minutes, had undergone no change during that interval, and had been handled carefully. In *Hankins,* on the other hand, the controlling facts which denied the application of the doctrine were stated by the Chief Justice in this manner:

"In the latter case, the bottle which exploded had been out of the hands of the bottler for at least twenty-four hours during which time it had been in a retail store where it was subject to almost constant handling by customers before being sold to the injured plaintiff. We held that the plaintiff's evidence 'did not satisfy the *controlling requirement* that he negative the possibility of an intermediate actor on the agency causing the injury, by a preponderance of the evidence, so as to allow the jury to decide whether negligence on the part of the Coca Cola Company might be inferred.'" (443 S.W.2d 546, at p. 549)

■ As indicated earlier, there is no evidence in the record showing how, when, or under what circumstances the loose bottles came to be upon the shelf. It was defendant's store and presumably the defendant owned the offending bottles. But, the very nature of the defendant's operation of a self-service supermarket denies to it the *exclusive* control of each article therein for the purpose of making applicable the doctrine of res ipsa. *Elliott Case,* supra. As in *Hankins,* we find that the plaintiffs herein did not satisfy the controlling requirement that he "negative the possibility of an intermediate actor on the agency causing the injury." (249 S.W.2d 1008, at p. 1009)

Our conclusion is strengthened when we consider the remarks of the late Justice Norvell in Texas Sling Company v. Emanuel, 431 S.W.2d 538, 540 (fn. 3) (Tex. 1968): "In the theory of general negli-

gence or res ipsa loquitur, *control of a defective device* by the party sought to be charged with liability is often an important consideration in determining the applicability of the doctrine."

Having carefully reviewed the record, we are of the opinion that plaintiffs did not make out a prima facie case of liability under the doctrine of res ipsa loquitur. *Honea, Hankins, Emanuel,* supra. Cf. Roland Associates, Inc. v. Pierce, 476 S.W.2d 758, 762 (Tex.Civ.App., Beaumont, 1972, no writ).

Thus, plaintiffs did not discharge their burden of showing actionable negligence against the defendant so as to maintain venue in Bexar County under any of the exceptions relied upon. It follows that the trial court erred in overruling the defendant's plea of privilege. The judgment is reversed and the cause is remanded to the trial court with directions to transfer the cause, as to the defendant, H.E.B. Food Stores, to Nueces County, Texas.

Reversed and remanded with instructions.