**GENERAL MOTORS CORPORATION,**
**Appellant,**

v.

**James E. FRANKS et al., Appellees.**

**No. 7560.**

Court of Civil Appeals of Texas, Beaumont.

March 28, 1974.

Rehearing Denied April 18, 1974.

Daniel A. Hyde, Houston, for appellant.

Waldman & Smallwood, Orgain, Bell & Tucker, Beaumont, for appellees.

STEPHENSON, Justice.

This is an appeal from an order of the trial court's overruling pleas of privilege filed by General Motors Corporation (G. M.C.). Findings of fact and conclusions of law were filed by the trial court. The parties will be designated by name.

James E. Franks filed this suit in Orange County naming Petro Chemical Transport (P.C.T.) as defendant. P.C.T. filed no plea of privilege. By amended petition G.M.C. was made a party defendant, and the first plea of privilege was filed. P.C.T. then filed a cross-action against G. M.C., and the second plea of privilege was filed. Franks relied upon Sections 9a, 27, and 29a of Article 1995, Vernon's Ann. Civ.St., to maintain venue in Orange County. P.C.T. relied upon Sections 23 and 27 in its controverting plea.

Frank's petition alleges a cause of action for damages for personal injuries arising out of an accident which occurred on I.H. 10 in Orange County. The automobile he was driving struck a tire and wheel which came off of a truck operated by P.C.T. Franks' cause of action against P.C.T. was based upon negligence and, against G.M.C. was based upon products liability. P.C.T.'s cross-action against G.M.C. was for contribution and indemnity.

The findings by the trial court include the following: That the left front wheel came off of a 1972 G.M.C. truck driven by P.C.T.'s employee. That plaintiff's automobile struck the wheel lying in the highway. That two of the five lugs on the left front wheel had broken off. That prior to the accident that wheel had not been removed by maintenance personnel, and no maintenance work had been performed on it. That such truck was no more than four or five months old at the time of the accident. That Franks had raised evidence of a latent defect or defective design of such wheel, which manifested itself in Orange County. That there is evidence of overtorquing or undertorquing by G.M.C.

The trial court's conclusions of law included: That Franks established a prima facie case of negligence in Orange County, and venue lies in Orange County under Section 9a. That Franks showed that the cause of action or a part thereof arose in Orange County, and venue lies in Orange County under Sections 23 and 27. That G.M.C. is a necessary party and the venue of the case against P.C.T. lies in Orange County, that under Section 29a venue against G.M.C. also lies in Orange County.

G.M.C. has points of error that the trial court erred in concluding it had venue under Section 9a, because there was no evidence of negligence; and the trial court erred in concluding it had venue under Sections 23 and 27, because there was no evidence that a cause of action or part thereof arose in Orange County. We pass upon their no evidence points by considering only the evidence favorable to such findings.

■ One of the essential elements of Franks' case in order to prove a cause of action against the manufacturer based upon the law of products liability was proof that he was injured because the truck was in a defective condition when it left G.M.C.'s hands. Jack Roach-Bissonnet, Inc. v. Puskar, 417 S.W.2d 262 (Tex.1967). Later in Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546 (Tex. 1969), in an opinion written by Chief Justice Calvert, this was added:

"This is not to say that proof of the defect must be made by direct or opinion evidence; it usually can only be made by circumstantial evidence. As an example, see Darryl v. Ford Motor Co., supra.

"While the theories of liability predicated upon res ipsa loquitur and strict liability are different, the problems of making proof confronting plaintiffs who seek to impose liability under the differing theories are quite similar. In an article in 23 Sw.L.J. 1, Dean Page Kee-

ton University of Texas School of Law, states:

" 'When seeking a recovery on a theory that a product was defective when sold by the defendant, plaintiff has substantially the same proof problems for recovering on a theory of strict liability as he does on a theory of negligence. Under both theories plaintiff must establish to the satisfaction of a jury a defect at the time of sale. Once the proof is sufficient to get to the jury on the existence of a defect, there is generally a basis for an inference of negligence.' " (443 S.W.2d at 548, 549)

The question in the case before us is whether the evidence will support a reasonable inference that the defects described by the witnesses, the broken lugs, were on the truck when sold and that nothing happened to cause such defects after the truck was sold by G.M.C. The evidence does not support such an inference.

There is no direct evidence that P.C.T. purchased a new G.M.C. truck with a defective wheel; consequently, we must look to see if those matters are proved by circumstantial evidence. The evidence shows the truck involved was a 1972 G.M.C. truck not over four or five months old. Beaumont White Truck and Trailer Company was doing the inspection work on P.C.T. trucks, and the acting service manager had not seen that truck before this accident. Rogers Tire Company did the tire work for P.C.T.

█ Assuming the evidence supports a finding that the accident in issue was caused by the defective wheel, it is apparent that the evidence falls short of making the proof necessary to connect G.M.C. with a cause of action based upon products liability. Cf. Coca Cola Bottling Company of Houston v. Hobart, 423 S.W.2d 118, 125 (Tex.Civ.App., Houston—14 Dist., 1967, error ref., n. r. e.). There is no showing that P.C.T. purchased a truck from G.M.C.,

in spite of the fact that the evidence shows P.C.T. was operating a late model G.M.C. truck. Even though the evidence may show that Beaumont White Truck and Trailer Company did the inspection work and this repair work for P.C.T., they did not do the tire work for P.C.T. There is no evidence that the wheel in question had not been off their truck before to repair a tire or for some other reason; and, consequently, there is no proof that the lugs were not broken after the truck came into P.C.T. hands.

Reversed and remanded with instructions to the trial court to transfer the case as to G.M.C. to Harris County.

Reversed and remanded.