**ROYAL CROWN BOTTLING COMPANY et al., Appellants,**

**v.**

**Stephen W. WARD et al., Appellees.**

**No. 7668.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 20, 1975.

John H. Benckenstein, Beaumont, for appellants.

J. Ritchie Field, Conroe, for appellees.

STEPHENSON, Justice.

This is an appeal from an order overruling defendants' pleas of privilege. Plaintiffs are Stephen Ward, a minor, and his mother, Naomi Ward. Defendants are H. L. Sumner, and Fred Langraf, d/b/a Royal Crown Bottling Company, and Milton Lee Coburn. Suit was filed in San Jacinto County; and, according to the pleas of privilege, Sumner resided in Brazos County and Coburn resided in Walker County. Langraf was not served with citation. Plaintiffs rely solely upon Vernon's Tex. Rev.Civ.Stat.Ann. art. 1995, subdivision 9a (1964), to retain venue in San Jacinto County.

Plaintiffs' contention here is that they alleged a cause of action under the rule of strict liability, under "res ipsa loquitur" and under a specific act of negligence. It is also contended by plaintiffs that the evidence heard on these pleas of privilege support each ground for recovery. Defendants' points of error that there is no evidence to support any one of the three grounds of recovery are sustained. In passing upon these points, we considered only the evidence favorable to the implied findings of the trial court which would support such grounds of recovery.

The evidence shows the injury to Stephen Ward, made the basis of this suit, occurred August 22, 1965, at Ward's Barbecue at Shepherd, San Jacinto County. Naomi Ward owned and operated such place of business. At about eleven o'clock in the morning, Naomi Ward told her twin children, Susan and Stephen, to bring in some soda water and she would ice it down. These twins were age five at the time. Stephen went outside and brought two bottles in and put them in the box. He then went back outside and got two more bottles; and, after he returned to the back room of the barbecue stand, an R. C. Cola bottle exploded in his hand. The bottle that exploded had been purchased from and delivered by defendant Coburn on August 16, 1965, which was the Monday before this incident occurred the following Sunday. Coburn was the employee of R. C. Bottling Company owned by Sumner and Langraf. Coburn was in Shepherd once a week on Mondays and called upon Ward's Barbecue on a regular basis. He delivered two cases of soda water Monday, August 16, 1965, and placed them outside the back door of the barbecue stand under the eave, as he had always been instructed to do. The bottles were in a position where they were exposed to heat and sunlight, where they were customarily kept. Naomi did not buy soda water from anyone except Coburn, and the bottles remained in the case where delivered until used.

Although the factual situation was somewhat different, many of the rules of law controlling this type of case are discussed in a well written opinion by Justice Keith of this court in Hebert v. Loveless, 474 S.W.2d 732 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.). That was a food poisoning case; while in the one before us, although a drink was involved, it was the container rather than the contents alleged to cause the damages. The discussion of the Restatement (second) of Torts § 402A (1965) and Dean Keeton's article "Products Liability—Liability Without Fault and the Requirement of a Defect," 41 Texas L.Rev. 855, 858 (1963) are specifically referred to. Two of the cases discussed at length in the Hebert opinion, Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546 (Tex.1969), and Darryl v. Ford Motor Company, 440 S.W.2d 630

(Tex.1969), cover most of the points of error before us. We are well aware that the elements under all three of the grounds of recovery may be proved by circumstantial evidence.

■ We proceed to consider each ground of recovery separately. First, as to strict liability, plaintiffs had the burden of proving that at the time of delivery the bottle was defective or was unreasonably dangerous. In addition, plaintiffs had to prove the bottle had undergone no change since delivery and negate the possibility of an intermediate actor. Ponder, supra. It will be recalled that the case of soda water containing the bottle in question was delivered six days before this incident and placed outside of the barbecue stand at the back door. Naomi Ward was asked this question:

"Q Mrs. Stephens [Mrs. Ward], to the best of your knowledge, did anyone, during the six days between the date of delivery and th*t* date of the accident, did anyone else handle the bottles?

"A No."

We do not consider that answer to the question as framed to be a direct statement that the bottle had undergone no change and negate the possibility of an intermediate actor. She was not asked either of those questions. Under her testimony, it is shown that she was not in a position to testify to either of those facts, as the time period involved was six days and the bottle was left in the case outside of the barbecue stand. See Hankins v. Coca Cola Bottling Co., 151 Tex. 303, 249 S.W.2d 1008 (1952).

■ We next consider the "res ipsa loquitur" ground for recovery. The rules controlling our disposition of this phase are clearly stated in Ponder, supra, 443 S. W.2d at 547:

"This court has extended the res ipsa loquitur doctrine to exploding bottle cases, even in situations where the bottle has passed from the exclusive control of the bottler at the time of injury, provided the plaintiff proves 'that the bottle (1) was in no way "accessible to extraneous harmful forces"; and (2) "was carefully handled by plaintiff or any third person who may have moved or touched it." ' Hankins v. Coca Cola Bottling Co., 151 Tex. 303, 249 S.W.2d 1008 (1952); Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445 (1944)."

As demonstrated in our discussion of the facts pertaining to strict liability, there is no evidence that this bottle in question was "in no way 'accessible to extraneous harmful forces.'" Likewise, there is no evidence that the bottle was carefully handled by Stephen Ward. Ordinarily, under "res ipsa loquitur" the evidence would have to show defendant had exclusive control. As stated above in Ponder, supra, even though defendant no longer had exclusive control, a plaintiff could recover by proving the two essential elements here discussed. There just is no evidence of either nonaccessibility or careful handling. Hankins v. Coca Cola Bottling Co., supra.

■ Last, we consider the negligence ground of recovery. Plaintiffs' allegations in substance are that defendants were negligent in placing the bottle in question in a position in the August sun, without a warning that the bottle could explode, which negligence was the proximate cause of the damage to plaintiffs. There is no evidence in this record to show why the bottle exploded. Other than the fact that the date of the incident was August 22, 1965, there is no evidence that either the weather or the bottle was hot on that particular date. The evidence shows that bottles will explode when they are hot and are then cooled down, or when they strike other bottles, but there is no evidence that either occurred on the occasion in question. In fact, the evidence shows this exploding bottle had not yet been placed in the box to cool it.

We cite Proctor & Gamble Manufacturing Co. v. Langley, 422 S.W.2d 773, 778 (Tex.Civ.App.—Dallas 1967, writ dism'd), as we did in Hebert, supra, as follows:

> "As a general rule the fact that injury follows the use of the product is not of itself alone a basis for a finding of proximate cause."

Reversed and remanded with instruction to the trial court to transfer that part of this case on H. L. Sumner to Brazos County, and that part of this case as to Milton Lee Coburn to Walker County.

Reversed and remanded.