**LOCKWOOD CORPORATION, Appellant,**

v.

**Roy Lee SPENCER, Appellee.**

**No. 9277.**

Court of Civil Appeals of Texas, Amarillo.

March 18, 1981.

Rehearing Denied March 31, 1981.

---

1. We notice as an aside that the jury's answers were amply supported by the evidence.

**370**

Crenshaw, Dupree & Milam, J. Orville Smith, Lubbock, for appellant.

Bob Huff and Associates, Inc., Robert Teel and Harley Huff, Lubbock, for appellee.

REYNOLDS, Chief Justice.

Based on a tort theory of strict liability for crop damage due to lack of irrigation water caused by a defective irrigation system, Roy Lee Spencer recovered a money judgment against Lockwood Corporation. Since Spencer's crop damage was an economic loss which may not be recovered in a strict liability tort action, we reverse and render.

Spencer was a tenant farming row-irrigated land owned by Gerald Elkins. Elkins purchased a center pivot irrigation system manufactured by Lockwood Corporation. The system, a prototype model, carried a written warranty-disclaimer which, as Elkins understood, was limited to repairing or replacing any defective parts and specifically disclaimed any express or implied warranty of merchantability and fitness for a particular purpose.

The system was installed on Elkins' land, a part of which Spencer had planted in corn. When the system was activated with water supplied to it, one of its nine towers, because of defective welds, fell down in Spencer's "best corn." The system was repaired some eight to sixteen days later.

Spencer sued, couching his alleged causes of action in terms of strict liability in tort because of a product defect and breaches of express and implied warranties which resulted in "crop damage ... because the lack of irrigation caused an approximate fifty (50) per cent drop in yield." The testimony of Spencer's monetary damage was confined to the loss of corn production because of the lack of irrigation; there is no pleading or testimony of any personal injury or other damage to property.

Lockwood moved for an instructed verdict on the ground that the pleadings and proof show only a claim for economic loss which is not recoverable on the theory of strict liability. The motion was overruled and the cause was submitted to a jury on the theory of strict liability for a product defect. On the submission, the jury found that the irrigation system was defective and a producing cause of Spencer's damages in the sum of $6,110. Overruling Lockwood's motion for judgment non obstante veredicto based on the same ground as the motion for instructed verdict, the trial court rendered judgment on the jury's verdict.

The Supreme Court has committed Texas courts "to the rule of strict liability expressed in Section 402A of The American Law Institute's Restatement of the Law of Torts (2d Ed.)." *Pittsburg Coca-Cola Bottling Works v. Ponder*, 443 S.W.2d 546, 548 (Tex.1969). Given the rule and its operative effect, *Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77 (Tex.1977), has determined that it does not extend to afford Spencer recovery for the damages he sought.

As developed by pleadings and proof to judgment, Spencer's cause of action became one for the recovery of lost profits resulting from inability to make use of a defective product. *Nobility* holds that the loss of profits resulting from inability to make use of a defective product is a consequential economic loss, 557 S.W.2d at 78, n. 1, which may not be recovered under Section 402A of the Restatement (Second) of Torts, but may be recovered only under implied warranties of the Uniform Commercial Code and under the common law theory of negligence. 557 S.W.2d at 78. Since Spencer's monetary judgment for economic loss has no basis other than the inapplicable tort theory of strict liability, the judgment cannot stand.

Thus, as Spencer's cause was postured, either Lockwood's motion for an instructed verdict or its motion for judgment non obstante veredicto should have been granted. This conclusion renders it unnecessary to address Lockwood's complaints of a defective submission of the strict liability theory and the lack of evidential support for the jury's finding of damages. Accordingly, Lockwood's points of error one, two and three are sustained; its remaining points are mooted.

The judgment of the trial court is reversed, and judgment is here rendered that Spencer take nothing by his strict liability action. Tex.R.Civ.P. 434.